IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL WILLIAMS, :
:
    Plaintiff :
: CIVIL NO. 1:CV-10-0539
  vs. :
: (Judge Caldwell)
JEFFREY A. BEARD, *et al.*, :
:
    Defendants :

*M E M O R A N D U M*

I.    *Introduction*

      Michael Williams, an inmate at the Dallas State Correctional Institution (SCI-Dallas), in Dallas, Pennsylvania, filed this civil rights action alleging defendants were deliberately indifferent to his serious medical needs. Williams suffers from a "nervous medical condition" and fell from his top bunk after receiving a new medication that made him sleepy and dizzy. He injured his head and back in the fall and continues to suffer from his injuries. Plaintiff claims defendants continue to deny him adequate care for his ongoing medical problems. Named as defendants are the following Pennsylvania Department of Corrections (DOC) employees: former Secretary Jeffrey Beard; SCI-Dallas Superintendent Klopotoski; and unidentified "Medical Services" employees. Doc. 1, Compl.

      Presently before the Court is defendants' Motion to Dismiss (doc. 14) based on defendants' lack of personal involvement in the claim. For the following reasons,

defendants' motion to dismiss will be granted, but Williams will be given the opportunity to file an amended complaint.

II.     *Standard of Review*

On a motion to dismiss, "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010) (quoted case omitted).  Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal,* ___ U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive a motion to dismiss, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  If a party does not "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.*

Pro se pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003).  Pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).  However, a complaint that sets forth facts which

affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

III.   *Background*

Plaintiff alleges he entered the DOC suffering from a "medical nervous condition." Doc. 1, Compl. ¶ 1. At all times relevant to this action, and over his objections, Williams was assigned a top bunk at SCI-Dallas. *Id.* On March 23, 2008, he went to sick call "to see about his medical condition and was issued a different medication" by an unknown medical staffer. *Id.* ¶ 3. He was advised by the medical provider that the "new medication . . . will make him sleepy and dizzy." *Id.* The following day, at approximately 3:00 a.m., Plaintiff fell out of the top bunk onto the cement floor, cracking his head open and injuring his lower back. *Id.* ¶ 4. His cellmate immediately called for officer assistance. *Id.* Placing Williams on a stretcher, prison officials rushed him to the prison hospital, and later transferred him by ambulance to the Wilkes-Barre General Hospital. *Id.* ¶¶ 4-5. Williams was treated for trauma, given X-rays, and had three staples placed in his scalp to close the wound. *Id.* ¶ 5.

Williams continues to suffer pain from the injuries. He faults defendants for exposing him to unsafe living conditions by assigning him to a top bunk, knowing about his nervous condition and that the medication he was prescribed would make him dizzy and sleepy. *Id.* ¶ 7.

Attached to the complaint is Plaintiff's December 28, 2009, Grievance (no. 302112), seeking financial reimbursement for his injuries and ongoing pain and suffering. *Id.* at p. 5.[1] On January 4, 2009, the Grievance Coordinator rejected and returned the grievance to Williams as it was not filed within the time prescribed by the DOC grievance policy. *Id.* at p. 6. Plaintiff appealed the dismissal of his grievance. *Id.* at p. 7.

IV. *Discussion*

To state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003). Personal involvement in the alleged wrongdoing is necessary for the imposition of liability in a civil rights action. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003). A supervisory defendant may be liable if he directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). A civil rights complaint is adequate if it states the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho*, 423 F.3d at 353. There is no respondeat superior liability in § 1983 actions. *Id.*

---

[1] Unless otherwise noted, all citations to the record are to the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

-4-

Based upon the above legal standards, the case will be dismissed as against the named defendants because Plaintiff does not allege the personal involvement of Secretary Beard or Superintendent Klopotoski in the constitutional violation. Specifically, Plaintiff does not allege how either defendant participated in the decision to assign him a top bunk or how they were involved in any medical decisions concerning treatment of his nervous condition. Their after-the-fact knowledge of the alleged events via the grievance system is insufficient to allege their personal involvement. *See Rode*, 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); *Brooks v. Beard*, 167 F. App'x. 923, 925 (3d Cir. 2006)(nonprecedential)(holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct); *see also Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005)(failure of prison official to process administrative grievance did not amount to a constitutional violation or personal involvement in the alleged constitutional deprivation grieved).

The only defendants left in the case are unnamed medical services employees. We will grant Williams leave to amend his Eighth Amendment medical claim if he can make the necessary allegations against any identifiable member of SCI-Dallas' medical staff or other individuals who he believes had personal involvement in his claim.

Williams will be granted twenty-one days to file an amended complaint. He is advised that the "amended complaint must be complete in all respects. It must be a new

pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Failure to file an appropriate amended complaint will result in the dismissal of this action for failure to state a claim.

        We will issue an appropriate order.

                                      /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge

Date: February 23, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL WILLIAMS,

    Plaintiff

  vs.

JEFFREY A. BEARD, *et al.*,

    Defendants

CIVIL NO. 1:CV-10-0539

(Judge Caldwell)

*O R D E R*

AND NOW, this 23rd day of February, 2011, in accordance with the accompanying memorandum, it is ordered that:

    1. Defendants' motion to dismiss (doc. 14) is granted.

    2. Plaintiff is granted twenty-one (21) days to file an amended complaint.

    3. The amended complaint must be complete in all respects and must be a new pleading which stands by itself as an adequate complaint, without reference to the complaint or amended complaint already filed.

    4. Failure to submit an amended complaint in accordance with the requirements of the accompanying memorandum will result in dismissal of the complaint without prejudice.

    5. The Clerk of Court is directed to send Plaintiff two (2) copies of this Court's form civil-rights complaint which Plaintiff shall use for his amended complaint should he chose to file one.

                            /s/William W. Caldwell
                            William W. Caldwell
                            United States District Judge